## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Bonita Leslie,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Viking Collection Service, Inc., *a domestic corporation*,<br><br>　　　　Defendant. | CIVIL FILE NO.: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Bonita Leslie ("Leslie" or "Plaintiff") is a natural person residing in the County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Vikings Collection Service, Inc. ("VCS" or "Defendant"), upon information and belief, is a domestic corporation that operates as a debt collection agency from an address of 7500 Office Ridge Circle, Suite 100, Eden Prairie,

Minnesota 55344.  VCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with an unknown creditor, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before September 2010.

9. On or about September 8, 2010, and continuing through September 15, 2010, VCS communicated with Plaintiff by leaving scripted telephonic messages in an attempt to collect this debt, which was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. In these scripted telephonic messages, VCS violated 15 U.S.C. §§ 1692d and 1692d(6) of the FDCPA because VCS did not "meaningfully disclose" VCS's identity and that VCS is a debt collector calling to collect a debt. VCS also violated 15 U.S.C. §§ 1692e, and 1692e(11) of the FDCPA because VCS failed to sufficiently disclose to Plaintiff that it was a debt collector and that the communications were from a debt collector.

11. Specifically, for example, VCS left the following scripted voicemail for Plaintiff: "Bonnie, it's Mark Peters. 800-559-2865.  800-529-2865" End of message.

2

12. VCS also left the following scripted voicemail for Plaintiff: "Bonita Leslie, it's Mark Peters. 800-559-2865. 800-559-2865. Appreciate a call back." End of message.

13. VCS also left the following scripted voicemail for Plaintiff. "Hello, this is Chris Thomas with Viking. I need a return call today at 800-767-7895. Again, this is Chris Thomas from Viking and my number is 800-767-7895." End of message.

14. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by VCS.

15. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of VCS's acts and omissions.

### *Respondeat Superior Liability*

16. The acts and omissions of Defendant's employees, who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, VCS.

17. The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by VCS in collecting consumer debts.

19. By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, VCS.

20. Defendant VCS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in

violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempt to collect this debt from Plaintiff.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

22. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

23. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

24. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

25. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

26. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

Dated: October 26, 2010.    **MARSO AND MICHELSON, P.A.**

By: s/Patrick L. Hayes
Patrick L. Hayes (0389869)
William C. Michelson (129823)
Attorneys for Plaintiff
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com
bmichelson@marsomichelson.com

5